**YAN YUN ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–4808–ag.

United States Court of Appeals, Second Circuit.

June 4, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Yan Wang, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Yan Yun Zheng, a native and citizen of China, seeks review of an October 3, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Yan Yun Zheng*, No. A77 658 167 (B.I.A. Oct. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). In reviewing the BIA's denial of a motion to

reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

■ With limited exceptions, an alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). There is no time or numerical limitation, however, where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Zheng's motion to reopen as untimely and number barred. The BIA correctly found that Zheng's September 2006 motion to reopen was untimely because it was filed more than four years after the IJ's May 2002 decision ordering her deportation, and it was number barred because it was her third motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2).

■ The BIA properly found that Zheng failed to establish changed country conditions in China, which would have excused her untimely and number barred motion, because: (1) she did not provide any objective evidence indicating that she is the mother of two children born in the United States; (2) she did not provide any objective country conditions evidence demonstrating that returnees with U.S.-born children are subjected to persecution; (3) the two Department of State reports that Zheng cited did not establish changed country conditions in China; (4) the unsupported statements in her brief concerning conditions in China are not evidence and, as such, are not due any weight; and (5) much of the evidence Zheng submitted predated the IJ's 2002 decision and was thus not new or previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1). Zheng has failed to challenge any of those underlying findings; accordingly, we deem any such challenges waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 8 (2d Cir.2005).

■ Zheng argues that the BIA erred in failing to consider the Department of State's 2005 Country Report on Human Rights Practices. Zheng's argument is, essentially, that because the BIA cited to *Matter of C–C–,* 23 I. & N. Dec. 899 (B.I.A. 2006), in its October 2007 decision, and because *Matter of C–C–* addressed the 2005 Country Report, the BIA should have considered other information in the 2005 Country Report when making its decision in her case. Zheng, however, did not submit the 2005 Country Report with her motion; thus, it was not in the record to be considered by the BIA. Zheng cites no support for the proposition that the BIA abuses its discretion where it declines to consider evidence that is not in the record merely because it was in the record of a different case to which the BIA cited. Indeed, it was Zheng's burden to present evidence supporting her motion. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Moreover, although it is well established that "that a remand is appropriate when the BIA fails to consider potentially material evidence *that was in the record before it,*" we will not remand for the BIA to consider evidence that was not in the administrative record. *Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir. 2007) (emphasis added); *see also Id.* at 263 (noting that the "regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence"); 8 U.S.C. § 1252(b)(4) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based...."). The BIA did not abuse its discretion in declining to consider the 2005 Country Report.

While Zheng also argues that the BIA failed to address all of the arguments that

she raised in her motion to reopen, she fails to specify what arguments the BIA did not consider. Accordingly, because Zheng failed to challenge dispositive bases for the agency's denial of her motion and because the arguments she does raise are without merit, we will not disturb the BIA's decision.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).