**Gazmend HAMZAJ, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–5074–ag.

United States Court of Appeals, Second Circuit.

June 13, 2008.

---

Joshua Bardavid, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Jem C. Sponzo,

Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Gazmend Hamzaj, a native and citizen of the former Federal Republic of Yugoslavia, seeks review of an October 30, 2007 order of the BIA denying his motion to reopen his asylum-only proceedings.[1] *In re Hamzaj*, No. A76 121 252 (B.I.A. Oct. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, this Court has remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu*, 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

The BIA did not abuse its discretion in finding that Hamzaj's motion was untimely

---

1. Although Hamzaj is moving to reopen "asylum-only" proceedings in which he was denied relief, as opposed to removal proceedings resulting in an order of removal, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134–35 (2d Cir.2006).

and failed to qualify for an exception to the time limitation. *See* 8 C.F.R. § 1003.2(c). A motion to reopen is exempt from the 90–day deadline if it is "based on changed circumstances arising in the country of rationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). In his motion, Hamzaj asserted that the country conditions that originally led him to flee his country have deteriorated, reasserting his testimony before the IJ that former members of the Kosovo Liberation Army ("KLA") would persecute and torture him for deserting. However, as the BIA noted, the IJ found Hamzaj's testimony not credible as to that claim and denied his application for relief on that basis. The BIA affirmed that credibility finding, which remains unchallenged. Contrary to Hamzaj's assertion that the IJ did not find all of his testimony not credible, the IJ made an overall adverse credibility determination, and the BIA affirmed that finding. The BIA properly determine that the evidence Hamzaj submitted in his motion to reopen was not material in light of the underlying adverse credibility finding. *See Kaur,* 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.