**HUANG LIU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–4756–ag.

United States Court of Appeals, Second Circuit.

July 29, 2008.

Melissa M. Desvarieux, New York, N.Y., for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General; Michelle G. Latour, Asst. Director, Sunah Lee, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Wash., D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

## SUMMARY ORDER

Huang Liu, a native and citizen of the People's Republic of China, seeks review of a September 27, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Huang Liu,* No. A76 506 439 (B.I.A. Sept. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)). When the agency denies a motion to reopen, this Court reviews the agency's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen must be filed no later than 90 days after the date of the agency's final decision. 8 C.F.R. § 1003.2(c)(2). It is undisputed that Liu's July 2007 motion to reopen was untimely. 8 C.F.R. § 1003.2(c)(2). However, the 90–day filing deadline does not apply to a motion to reopen that is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no abuse of discretion in the BIA's finding that Liu failed to establish materially changed country conditions excusing the untimeliness of his motion. See 8 U.S.C. § 1229a(c)(7)(C)(ii); *Kaur,* 413 F.3d at 233. As a threshold matter, we leave undisturbed the BIA's finding that to establish a "material" change, Liu was required to present evidence specifically addressing the Chinese government's treatment of Chinese Democratic Party members returning from the United States to China, rather than of political dissidents generally. Because Liu does not challenge that finding in his brief, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal).

Moreover, we find unavailing Liu's argument that he established changed country conditions In support his argument, Liu cites to two criminal judgments against individuals accused of organizing against the government as members of the CDP. However, because the criminal judgments do not discuss individuals who, like Liu, agitated against the Chinese government only while in the United States, the BIA did not abuse its discretion in finding them insufficient to establish a material change in country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Liu also cited to a news article reporting that Chinese Democratic Party members in New York were calling for the release of a member who was arrested when she returned to China. However, the BIA did not abuse its discretion insofar as it concluded that, in the absence of other supporting evidence, the article alone was insufficient to establish materially changed country conditions. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006) (empha-

sizing that the weight afforded to documentary evidence "lies largely within the discretion of the IJ") (internal quotation omitted).

The BIA thus appropriately considered and rejected the only evidence that Liu raised in support of his changed country conditions claim.[2] Because the BIA's changed country conditions finding was a dispositive basis for its denial of Liu's motion to reopen, we deny the petition for review. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** We find unavailing Liu's argument that the BIA failed to "fully review the record," given that the BIA explicitly considered several documents Liu submitted and he failed to point to any particular evidence which the BIA ignored. *See Xiao Ji Chen,* 471 F.3d at 336 n. 17 (emphasizing that, where the agency has given reasoned consideration to the petition and made adequate findings, it is not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented).