Safet METOVIC, Sultana Metovic, Edin Metovic, Eldin Metovic, Petitioners,

v.

Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.

No. 07–3916–ag.

United States Court of Appeals, Second Circuit.

Aug. 26, 2008.

Charles Christophe, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioners,[2] natives and citizens of Montenegro, seek review of the August 15, 2007 order of the BIA denying their motion to reopen. *In re Metovics,* Nos. A79 055 966, A79 055 963, A79 055 964, A79 055 965 (B.I.A. Aug. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In conducting our review, we remain mindful of the Supreme Court's

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as respondent in this case.

**2.** We refer only to Safet Metovic because he was the lead applicant throughout the administrative proceedings.

admonition that motions to reopen are "disfavored." *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *see also Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006).

We conclude that the BIA did not abuse its discretion in denying Metovic's motion to reopen. It is undisputed that his motion to reopen was untimely where it was not filed within 90 days of the agency's final order of removal issued in October 2004. 8 C.F.R. § 1003.2(c)(2). The BIA also properly found that Metovic's motion did not qualify for the changed country conditions exception to the time limitation. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Metovic submitted numerous affidavits and news articles with his motion to reopen, arguing that they demonstrated changed circumstances in Montenegro. However, the affidavits, which detail the experiences of ethnic Albanians in present-day Montenegro, did not demonstrate *changed* country conditions. *Cf. Norani v. Gonzales,* 451 F.3d 292, 293, 295 (2d Cir. 2006). Similarly, the news articles he submitted did not show any change in Montenegro's policy regarding conscientious objectors and draft evaders, who had been granted amnesty prior to Metovic's original merits hearing. Therefore the BIA properly denied the motion to reopen because Metovic failed to submit evidence demonstrating that conditions in Montenegro had deteriorated since his hearing and that any such change in conditions was material to his claim that he would be punished for evading the draft. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Finally, there is no merit to Metovic's claim that the BIA ignored background materials. He misreads the BIA's decision to state that conditions in Montenegro had not changed when, in fact, the BIA found no "changed circumstances in Montenegro *which would warrant reopening.*" (empha-sis added). While Metovic argues that conditions have changed insofar as Montenegro gained independence since his merits hearing, he fails to argue how this is a "material" change that affects his eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Thus, absent compelling evidence to the contrary, we presume that the agency considered all of the evidence and we find that it properly denied Metovic's untimely motion to reopen. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).