**BI YUN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–5497–ag.

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

1. Gao has waived any claim based on her alleged illegal departure from China. *See*

*Zhang v. Gonzales,* 426 F.3d 540 (2d Cir. 2005).

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Bi Yun Chen, a native and citizen of the People's Republic of China, seeks review of an November 19, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Bi Yun Chen,* No. A73 507 611 (B.I.A. Oct. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)). When the agency denies a motion to reopen, this Court reviews the agency's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005).

An applicant may file one motion to reopen no later than 90 days after the date of the agency's final decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2). However, the time and numerical limitations do not apply to a motion to reopen that is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii). It is undisputed that Chen's second motion, filed more than ten years after her hearing, was untimely and numerically barred.

◼ We find no abuse of discretion in the BIA's conclusion that Chen failed to demonstrate a change in country conditions that would warrant an exception to the time and numerical limitations. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2). Because Chen references only her personal affidavit and the 2003 Consular Information Sheet in her brief to this Court, we deem waived any challenge to the BIA's finding that her other evidence was insufficient to establish that reopening of her proceedings was warranted. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

With regard to the documents Chen does reference in her brief, we find no abuse of discretion in the BIA's finding that they failed to establish materially changed country conditions. Although Chen argues generally that her affidavit establishes that there is a policy of forced sterilization in her area, she does not chal-

lenge the BIA's finding that her affidavit was insufficiently corroborated and insufficiently detailed in that it did not indicate the likelihood that the "purported policy would be acted upon, in practice." According, we leave undisturbed the BIA's finding that Chen's affidavit was insufficient. *See id.* Likewise, Chen does not challenge the BIA's finding that the 2003 Consular Information Sheet was insufficient where it reflects only that China does not recognize dual citizenship for children born abroad to Chinese nationals. *See id.* Accordingly, we cannot find that the BIA abused its discretion in denying Chen's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

■ We also find no abuse of discretion in the BIA's conclusion that Chen's affidavit and 2003 Consular Information Sheet were insufficient to establish her prima facie eligibility for relief where they did not indicate the likelihood of forced sterilizations upon returning Chinese nationals. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). We therefore decline to examine Chen's argument challenging the BIA's finding that she must comply with the requirements of a motion to reopen in order to file a "successive" asylum application because, even assuming *arguendo* that the BIA's conclusion was erroneous, Chen failed to establish prima facie eligibility for relief. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).