**Satnam SINGH, Petitioner,**

**v.**

**Peter KEISLER,[1] Respondent.**

**No. 06–3685–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 1, 2007.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, on submission, for Petitioner.

Matt A. Crapo (Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman, Trial Attorney, on the brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Satnam Singh, a citizen of India, seeks review of a July 27, 2006 order of the BIA affirming the September 23, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT").[2] *In re Satnam Singh, Sukhwnder Kaur, Harsimran Kaur,* Nos. A95 585 200, A95 585 201, A95 585 202 (B.I.A. July 27, 2006), *aff'g* Nos. A95 585 200, A95 585 201, A95 585 202 (Immig. Ct. N.Y. City Sept. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of complete-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

2. Petitioner's wife, Sukhwinder Kaur, and daughter, Harsimran Kaur, are listed as derivatives on Petitioner's application and did not file separate claims for relief.

ness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007).

Here, we find that substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably concluded that Singh's claims lacked credibility because the documents he submitted to corroborate his testimony omitted crucial information about what allegedly happened to him in India. *See, e.g., Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006) (per curiam) (affirming an adverse credibility determination where several documents failed to corroborate the applicant's account of past persecution). Singh testified that he was targeted by the police specifically because of his campaign activities, and he stated that his father came to the police station with the local sarpanch to secure his release. However, in his affidavit, the politician for whom Singh allegedly campaigned indicated only that Singh assisted him financially and by going door-to-door on his behalf. Moreover, Singh's father indicated only that Singh is Sikh, is married, and is living in New York. The sarpanch attested only to Singh's good moral character. The IJ fairly concluded that the absence of any mention in these documents of Singh's mistreatment by the police severely undermined his credibility. We further conclude that the IJ reasonably rejected Singh's explanation for why his documents did not mention any of the most important aspects of his claims. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Finally, we note that even though the IJ might have erred in some of the other grounds, remand to the BIA would be futile in this case because of Singh's failure to provide any corroboration of his past persecution claim. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006) (stating that remand is inappropriate when the reviewing panel can "confidently predict" that the agency would reach the same decision absent the errors that were made).

Accordingly, Singh's petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.