**Satnam SINGH, et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–1279–ag.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2008.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Jem C. Sponzo, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, WA, District of Columbia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Satnam Singh, a native and citizen of India, seeks review of a February 20, 2008 order of the BIA denying his motion to reopen. *In re Satnam Singh, Sukhwinder Kaur, Harsimran Kaur,* No. A95 585 200/201/202 (B.I.A. Feb. 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the BIA has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

The Immigration and Nationality Act ("INA") provides that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal "based on changed

country conditions arising in the country of nationality or in the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Singh's December 2007 motion was untimely, as it was filed more than one year after the BIA issued its July 2006 decision dismissing Singh's appeal. *See* 8 C.F.R. § 1003.2(c)(2).

The BIA found that, in light of the adverse credibility finding that the Immigration Judge ("IJ") made in the proceedings below,[1] Singh's motion to reopen failed to warrant an exception to the ninety-day filing deadline based on changed circumstances arising in India. We conclude that the BIA did not abuse its discretion in reaching this decision.

We have found that the BIA may deny a motion to reopen where the movant fails to rebut the adverse credibility finding that was the basis for the IJ's denial of the underlying asylum application. *See Kaur*, 413 F.3d at 234. At the same time, however, we have recognized that "an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible." *Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006).

Here, despite his arguments to the contrary, Singh's claim of future persecution rests on the same factual predicate underlying his original asylum claim: namely, that the police, who had allegedly arrested, beaten, and tortured Singh on account of his past political activity, still seek to find and arrest him. However, because Singh has never successfully overcome the agency's adverse credibility determination, further evidence of police interest in Singh because of his prior political activity is of no moment in this case. *See Kaur*, 413 F.3d at 234 (concluding that the BIA did not abuse its discretion where it "clearly explained that the evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application"). It was thus proper for the BIA to accord little, if any, weight to the affidavits that Singh submitted alleging that the Indian police had twice arrested Singh's father in their attempts to find Singh. *See id.; see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir.2007).

Because the evidence that Singh submitted in support of his motion to reopen failed to rebut the adverse credibility finding, and because Singh offered no evidence establishing a fear of future persecution that is independent of the testimony and documentation he offered in the underlying proceedings, the BIA did not abuse its discretion in finding that Singh's motion was untimely and did not qualify for an exception to the ninety-day filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. This Court denied Singh's petition for review of the final removal order in the underlying proceedings, finding that the agency's adverse credibility determination was supported by substantial evidence. *See Singh v. Keisler*, 253 Fed.Appx. 56, 58 (2d Cir.2007).