09-4769-ag
Singh v. Holder

BIA
A095 585 200
A095 585 201
A095 585 202

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of September, two thousand ten.

PRESENT:
    GUIDO CALABRESI,
    PETER W. HALL,
    DENNY CHIN,
        Circuit Judges.

_____

SATNAM SINGH, SUKHWNDER KAUR, HARSIMRAN KAUR,
                Petitioners,

        v.                                      09-4769-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
                Respondent.

_____

_____

FOR PETITIONERS:    Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice**, **Washington**, **D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Satnam Singh, a native and citizen of India, seeks review of an October 19, 2009, order of the BIA denying the second motion to reopen he filed after being found not credible and ordered removed.[1]  *In re Satnam Singh, Sukhwnder Kaur, Harsimran Kaur*, Nos. A095 585 200/201/202 (B.I.A. Oct. 19, 2009).  We assume the parties' familiarity with the underlying facts and procedural history of this case.  We note that this is the third time this case is before us.  In 2007, we denied Singh's petition for review of the underlying removal order, finding that the agency's adverse credibility determination was supported by substantial evidence.  *See Singh v. Keisler*, 253 Fed. App'x 56, 58 (2d Cir. 2007).  In 2008, we denied Singh's petition for review of the agency's order denying his first untimely

---

[1]Singh's wife, Sukhwnder Kaur, and daughter, Harsimran Kaur, are listed as beneficiaries on Singh's asylum application.  Because Singh is the lead petitioner, this Summary Order will refer to him throughout.

2

motion to reopen. *See Singh v. Mukasey*, 295 Fed. App'x 402, 404 (2d Cir. 2008).

We review the BIA's denial of Singh's second motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, Singh's second motion to reopen was indisputably untimely and number-barred, and the BIA did not abuse its discretion in denying it.

The BIA did not abuse its discretion in finding that Singh's new evidence failed to overcome the IJ's previous adverse credibility determination. *See Singh v. Keisler*, 253 Fed. App'x at 58; *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007) (finding that the BIA did not abuse its discretion in denying a motion to reopen supported by allegedly unavailable evidence regarding changed country conditions where there had been a previous adverse credibility finding in the underlying asylum

3

hearing).  Indeed, despite Singh's contention to the contrary, his second motion to reopen (like the first) was based on the same factual predicate as the claim on which the IJ previously found him not credible.  *Cf. Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006) (finding that, notwithstanding an adverse credibility ruling with respect to past persecution, an applicant can prevail on a theory of future persecution, "*so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible*" (emphasis in original)).  Additionally, substantial evidence supports the BIA's determination that Singh's new evidence did not demonstrate changed country conditions since the time of his merits hearing.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (requiring an applicant to demonstrate changed country conditions between the time of his original merits hearing and his motion to reopen); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).  Accordingly, the BIA did not abuse its discretion in denying reopening, as Singh failed to establish an exception to the timing and numerical limitations on motions to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk