**YONG FA HONG, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 07–4609–ag.**

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

Yan Wang, New York, N.Y., for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Circuit Judges, and Hon. JOHN F. KEENAN, District Judge.[2]

## SUMMARY ORDER

Yong Fa Hong, a native and citizen of China, seeks review of a September 27, 2007 order of the BIA denying his October 16, 2006 motion to reopen. *In re Yong Fa Hong*, No. A78 208 218 (B.I.A. Sept. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, this Court has remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu*, 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

Petitioner advances a single ground to demonstrate purported abuse of discretion by the BIA: the Board ignored documentary evidence of changed conditions in China, specifically, a new family planning law that took effect in China on September 1, 2002, several months after the BIA's initial decision in his case became final.[3] The record reflects that petitioner did not cite this change in Chinese law in his October 16, 2006 motion to reopen. Rather, a copy of the new law was attached to a separate motion to reopen filed on March 12, 2007, by his attorney in the name of a different client but bearing Hong's immigration docket number. Apparently relying on the docket number, the BIA considered Hong's October 16, 2006 motion and the March 12, 2007 motion together when, on September 27, 2007, it declined to reopen his case. *See In re Yong Fa Hong*, No. A78 208 218 (noting that petitioner had filed motions to reopen on October 16, 2006, and March 12, 2007, respectively). After Hong petitioned this court for review, the BIA determined *sua sponte* that the March 12, 2007 motion was not filed by Hong, and the Board modified its opinion to omit references to that second filing, though otherwise retaining verbatim the language of its September 27, 2007 denial decision.

■ We need not here decide whether Hong's petition seeks review of the BIA's denial as originally filed or as amended because, in either event, we can afford him no relief. The law limits an alien to one motion to reopen to be filed within ninety days of the agency's final administrative decision, *see* 8 C.F.R. § 1003.2(c)(2), unless the alien demonstrates subsequent "changed circumstances arising in the

---

2. The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

3. All other issues are, therefore, waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

country of nationality," 8 C.F.R. § 1003.2(c)(3)(ii). Because the change in Chinese law here at issue took effect on September 1, 2002, Hong's failure to cite the change in his October 16, 2006 motion to reopen precludes him from doing so now. *See Lin Zhong v. United States Dep't of Justice,* 480 F.3d 104, 123 (2d Cir.2007) ("Consistent with the strong prudential rationale for requiring all issues raised on appeal to have been presented below, our circuit applies an issue exhaustion doctrine to petitions for review from the BIA.").

■ Even if we were to conclude that the subsequent March 12, 2007 motion somehow exhausted this issue, we could not conclude that the BIA abused its discretion in finding that Hong failed to establish a change in circumstances in China. Petitioner draws our attention to "Article 18" of a document marked "unofficial translation," which reads:

> The State shall maintain its current fertility policy encouraging late marriage and childbearing and advocating one child per couple; arrangements for a second child, if requested, being subject to law and regulation. Specific measures shall be enacted by the People's Congress or its standing committee in each province....

Pet'r's Br. at 9. This excerpt indicates that China will "maintain its current fertility policy," not that it will develop a new one. Nor does it mention forced contraception or forced abortion or other forms of persecution; it only encourages "late marriage" and late childbearing. Further, while discouraging second children, the language indicates that "arrangements" may be made for a second child. Under

these circumstances, the BIA's rejection of this "background document[ ]," *In re Yong Fa Hong,* No. A78 208 218, as evidence of "changed conditions" in China warranting reopening cannot be deemed an abuse of discretion.

We have considered all of Petitioner's arguments and find them to be without merit.[4] For the foregoing reasons, the petition for review is DENIED.

---

4. Insofar as Petitioner may be suggesting that the BIA's mistaken reliance on the March 12, 2007 motion in its original decision prejudiced him in this appeal, we note that Hong has had plenty of time and opportunities to bring any such prejudice to our attention, and has failed to do so. Petitioner never filed a reply brief after the BIA modified its opinion, nor has he sought oral argument.