**Giorgi MAGHRADZE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**Docket No. 05–5939–AG.**

United States Court of Appeals, Second Circuit.

Submitted: June 22, 2006.

Decided: July 26, 2006.

Scott D. Pollock, Scott D. Pollock & Associates, P.C., Chicago, IL, for Petitioner (on submission).

Frances C. Trapp, Assistant United States Attorney (Reginald I. Lloyd, United States Attorney, on the brief), Columbia, SC, for Respondent (on submission).

Before JACOBS and POOLER, Circuit Judges, and KORMAN, District Judge.*

JACOBS, Circuit Judge.

Giorgi Maghradze ("Maghradze") petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of Immigration Judge Michael Rocco ("IJ"), which denied Maghradze's motions to rescind an *in absentia* order of removal and to re-open removal proceedings. *See In re Giorgi Maghradze*, No. A 79 072 367 (B.I.A. Nov. 7, 2005), *aff'g* No. A 79 072 367 (Immig. Ct. Buffalo August 17, 2005). The BIA [i] determined that an alien who was in constructive receipt of notice of his pending removal hearing is ineligible for rescission of an *in absentia* order of removal, [ii] denied Maghradze's motion to rescind on the ground that he was in constructive receipt of notice of his pending removal hearing, and [iii] denied Maghradze's motion to reopen on the ground that he had failed to present any evidence that was previously unavailable and could not have been discovered or presented at his initial hearing. Seeing no error, we deny the petition.

## I

Giorgi Maghradze, a native and citizen of Georgia, was admitted to the United States in January 1999 on a non-immigrant student visa that expired in December 1999. Maghradze remained in the United States and was apprehended in November 2001 by the Immigration and Naturalization Service ("INS") in Buffalo, New York as he attempted to enter Canada. Maghradze was personally served then and there with a Notice to Appear ("NTA"), which [i] indicated that he was being

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

charged pursuant to INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(i), with failure to maintain or comply with the conditions of the non-immigrant status under which he was admitted and [ii] instructed him to appear before an IJ at an unspecified future date. The NTA explained that Maghradze had an obligation to appear at all hearings and to provide the INS with updates regarding any address changes.

In January 2002, the immigration court mailed Maghradze a hearing notice at the address listed in the NTA, telling him the date, time, and location of his upcoming hearing. The notice was returned undelivered to the INS. When Maghradze did not appear at the hearing (held in March 2002), the IJ issued an *in absentia* order of deportation. Like the hearing notice, the order of deportation was sent to Maghradze at the address indicated in the NTA, and was returned undelivered.

On July 18, 2005, Maghradze filed [i] a motion to rescind the *in absentia* order and [ii] a motion to reopen his case for the purpose of applying for withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85 ("CAT"); *see also* 8 C.F.R. § 1208.16(c) (implementing the CAT).[1]

The IJ [i] denied the motion to rescind on the ground that Maghradze had been properly served with notice and [ii] denied the motion to reopen on the ground that Maghradze had failed to establish a legal basis for reopening his proceeding. The BIA affirmed the IJ by written opinion.

## II

"We review the BIA's underlying conclusions of law *de novo*," although—pursuant to *Chevron, U.S.A., Inc. v. Natural ·Res. Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)—we defer to the BIA's interpretations of ambiguous provisions of the INA unless those interpretations are " 'arbitrary, capricious, or manifestly contrary to the statute.' " *Mardones v. McElroy*, 197 F.3d 619, 624 (2d Cir.1999) (quoting *Chevron*, 467 U.S. at 844, 104 S.Ct. 2778). When the BIA has applied the correct law, we review the decision to deny a motion to reopen or a motion to rescind for abuse of discretion. *See Guan v. BIA*, 345 F.3d 47, 48 (2d Cir.2003); *see also Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000) ("When the BIA has applied the correct law, its decision to deny a motion to reopen ... is reviewed to determine 'whether the decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law.' " (quoting *Fuentes–Argueta v. INS*, 101 F.3d 867, 870 (2d Cir.1996) (per curiam))). We will find an abuse of

---

1. Maghradze filed a single document, designated "Motion to Rescind An *In Absentia* Order and Reopen Removal Proceedings to Apply for Withholding of Removal and/or Deferral of Removal under the Convention Against Torture," which was accompanied by an affidavit. We construe this filing as two separate motions, for reasons explained in *Song Jin Wu v. INS:*

> A motion to reopen for purposes of rescinding an in absentia deportation order is distinguished from a motion to reopen for [other purposes] because the former seeks

to restart proceedings as if the previous proceedings never occurred. Different requirements pertain to each type of motion to reopen, and thus, although both are technically motions to reopen, for purposes of clarity we shall refer to the former as a "motion to rescind" and the latter as a "motion to reopen."

436 F.3d 157, 161 n. 1 (2d Cir.2006) (internal citations omitted). We follow the *Wu* analysis, and construe the single motion filed here as if it were two separate motions—a "motion to rescind" and a "motion to reopen."

discretion "only in those limited circumstances where the BIA's decision (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory statements." *Song Jin Wu v. INS,* 436 F.3d 157, 161 (2d Cir.2006) (internal quotation marks omitted). Agency fact-finding is reviewed for substantial evidence. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

### III

In affirming the IJ's dismissal of the motion to rescind, the BIA reasoned as follows. Pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii), an order of removal entered *in absentia* can be rescinded upon a motion to reopen that is filed at any time if the alien demonstrates that he did not receive notice of the removal proceedings in accordance with 8 U.S.C. § 1229(a). *See* BIA Decision at 1. According to 8 U.S.C. § 1229a(b)(5)(A), written notice of the hearing is a sufficient predicate for entry of an *in absentia* order of removal if that notice was "provided" at the most recent address provided by the alien pursuant to 8 U.S.C. § 1229(a)(1)(F). *See* BIA Decision at 1 (citing 8 U.S.C. § 1229a (b)(5)(A) and Matter of M–D–, 23 I. & N. Dec. 540, 543 (BIA 2002)). The alien also has the obligation to inform the Attorney General in writing as to any change in the alien's address or telephone number. *See id.* (referencing 8 U.S.C. § 1229(a)(1)(F)). In light of this statutory scheme, the BIA concluded that notice sufficed here because: [i] Maghradze was personally served with the NTA, which advised him as to the change of address requirements and as to the consequences of failing to appear for the scheduled hearing; [ii] the hearing notices were mailed to Maghradze's last address of record as reflected on the NTA—"50 Wyoming Street,

Buffalo, N.Y. 14215"; and [iii] Maghradze's asserted excuse for failure to comply with § 1229(a)(1)(F)—that he did not understand his obligation to update his address—was not viable. *See id.* at 1–2.

Maghradze argues that he is eligible for rescission of his *in absentia* order of removal because he did not actually receive notice of his pending hearing. As Maghradze contends, the BIA's decision can be read to say that, under 8 U.S.C. § 1229a(b)(5)(C)(ii), the *in absentia* order may not be rescinded if notice was provided in conformity with the requirements of 8 U.S.C. § 1229(a), regardless of whether the properly-provided notice was actually received by the alien. Such an interpretation would conflict with cases in several circuits, which distinguish between [i] the requirement that a motion to rescind shall not be granted unless the alien demonstrates that he did not "receive" notice in accordance with 8 U.S.C. § 1229(a), *see* § 1229a (b)(5)(C)(ii), and [ii] the requirement that an *in absentia* order shall be entered so long as notice was "provided" properly, see § 1229a(b)(5)(A). *See, e.g., Joshi v. Ashcroft,* 389 F.3d 732, 736 (7th Cir.2004) (vacating BIA's denial of motion to reopen where BIA ignored objective evidence that postal service failed to deliver notice of the removal hearing); *Gurung v. Ashcroft,* 371 F.3d 718, 722 (10th Cir. 2004). These cases suggest that an alien may overcome the presumption that he actually received notice that was provided in conformity with 8 U.S.C. § 1229(a), thereby establishing eligibility for rescission of his *in absentia* order of removal under § 1229a(b)(5)(C)(ii).

We do not have to confront this potential conflict because the BIA gave an alternative interpretation of the statutory scheme: even assuming that an alien could rebut the presumption that properly-provided

notice was actually received, the alien is deemed to be in constructive receipt of properly-provided notice—and hence ineligible for rescission of his *in absentia* order of removal—if he thwarted delivery. *See* BIA Decision at 2 n. 1 (citing *Sabir v. Gonzales*, 421 F.3d 456, 459 (7th Cir. 2005)). According to the BIA, "[i]n this case, [Maghradze] thwarted delivery by relocating and failing to provide a change of address. Thus, reopening is not warranted. . . ." *Id.*

▆▆ Because the meaning of "receive notice in accordance with 8 U.S.C. § 1229(a)," § 1229a(b)(5)(C)(ii), is ambiguous, the BIA's interpretation is entitled to *Chevron* deference. We conclude that the BIA's (alternative) interpretation—that aliens who fail to provide a written update of a change of address are deemed to have constructively received notice provided in accordance with the requirements of 8 U.S.C. § 1229(a)—is permissible. Especially in light of the Supreme Court's admonition that motions to reopen are disfavored, *see INS v. Abudu*, 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) ("There is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases."), the distinction drawn in the statutory language between the provision of notice by the agency and its receipt by the alien is quite plausibly construed as applying only when the alien has acted in conformity with his obligations, and failure of receipt thus resulted from circumstances beyond his control. *See Gurung*, 371 F.3d at 722 (holding that to demonstrate non-receipt of notice, "[a] petitioner must present 'substantial and probative evidence . . . demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address

where he could receive mail.' ") (quoting *Fuentes–Argueta v. INS*, 101 F.3d 867, 871 (2d Cir.1996) (per curiam)); *see also Wu*, 436 F.3d at 162; *accord Fuentes–Argueta*, 101 F.3d at 871 (citing *In re Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995)).

The BIA determined that Maghradze did in fact thwart delivery of a properly-sent notice by relocating without providing a change of address, thus failing to comply with his statutory responsibility under 8 U.S.C. § 1229(a)(1)(F)(ii). We conclude that this determination was not an abuse of discretion. Because (as we hold *supra)* the BIA permissibly interpreted the § 1229a(b)(5)(C)(ii) requirement that an alien "receive" notice as constructively satisfied if notice is properly provided and the alien changes address without informing the INS, and because Maghradze has conceded that he did not give such information to the INS, the only remaining question is whether the INS properly provided notice to Maghradze. There is no direct evidence that Maghradze personally supplied to the INS the address "50 Wyoming Street, Buffalo, N.Y. 14215" when he was apprehended in November 2001. However, there is substantial evidence—most notably, the presence of the address in the NTA—to support the determination that Maghradze did supply this address.

In the affidavit he submitted in support of his motion to rescind and in his brief on appeal, Maghradze seems to complain variously that: (i) the INS wrongly sent the notice to Chicago; (ii) the INS *should* have sent the notice to Chicago (and Maghradze never lived in Buffalo at all); and (iii) the INS properly sent the notice to the Buffalo address, but wrongly added a reference to "Viva La Casa," which is evidently a shelter located at that address. As evidence that he lived in Chicago and had provided the INS with information about his addresses there, Maghradze cites to the Rec-

ord of Deportable/Inadmissible Alien compiled by the Buffalo District of the INS upon Maghradze's November 2001 apprehension. This form does list Maghradze's place of entry to the United States as Chicago; however, it lists his address as "50 Wyoming Street, Buffalo, N.Y. 14215." The documents cited by Maghradze indicate nothing more than that he entered the United States through Chicago in 1999, a fact that does not necessarily bear on where he lived at the time he was personally served with the NTA.

## IV

■ Maghradze also challenges the BIA's ruling that, in order to bring a successful motion to reopen, an alien must demonstrate that the evidence he seeks to offer was unavailable and could not have been discovered or presented at the initial hearing. In particular, Maghradze asserts that his motion to reopen must be granted if he presents a *prima facie* case for relief under the CAT.

The BIA held that Maghradze's motion to reopen is governed by 8 C.F.R. § 1003.23(b)(3), which provides that a motion to reopen will not be granted unless "the [IJ] is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *See* BIA Op. at 2 (citing *Ni v. DOJ*, 424 F.3d 172, 175 (2d Cir.2005) (per curiam)); *see also* 8 C.F.R. § 1003.2(c) ("A motion to reopen proceedings shall not be granted

unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing....").[2] The BIA held that because Maghradze had not presented any evidence that was previously unavailable and could not have been discovered or presented at the initial hearing (e.g., evidence establishing changed country conditions), the IJ properly denied his motion to reopen. *See* BIA Op. at 2.

Maghradze argues on appeal that the BIA failed to give effect to 8 C.F.R. § 208.18(b), which reads:

Implementation of the Convention Against Torture.

\* \* \* \*

(b) Applicability of §§ 208.16(c) and 208.17(a).

(1) **Aliens in proceedings on or after March 22, 1999.** An alien who is in exclusion, deportation, or removal proceedings on or after March 22, 1999 may apply for withholding of removal under § 208.16(c), and, if applicable, may be considered for deferral of removal under § 208.17(a).

(2) **Aliens who were ordered removed, or whose removal orders became final, before March 22, 1999.** An alien under a final order of deportation, exclusion or removal that became final prior to March 22, 1999 may move to reopen proceedings for the sole purpose of seeking protection under 208.16(c). Such motions shall

---

**2.** The BIA also cited to 8 C.F.R. § 1003.23(b)(4)(i), which specifies that "[t]he time and numerical limitations set forth in paragraph (b)(1) of this section shall not apply if the basis of the motion is to apply for... withholding of removal under the Convention Against Torture, and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material

and was not available and could not have been discovered or presented at the previous proceeding." *See* BIA Op. at 2. Paragraph (b)(1) sets the following time limit: "A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion...." Thus, § 1003.23(b)(4)(i) is consistent with § 1003.23(b)(3).

be governed by §§ 3.23 and 3.2 of this chapter, except that the time and numerical limitations on motions to reopen shall not apply and the alien shall not be required to demonstrate that the evidence sought to be offered was unavailable and could not have been discovered or presented at the former hearing.[3]

The benefit of § 208.18(b)(2) is thus limited to "[a]liens who were ordered removed, or whose removal orders became final, before March 22, 1999." The BIA ruled, accordingly, that § 208.18(b)(2) does not apply to Maghradze's motion because Maghradze was placed in removal proceedings on January 18, 2002, well after the March 22, 1999 deadline. *See* BIA Op. at 2.

Relying on *Ni v. DOJ*, 424 F.3d 172 (2d Cir.2005) (per curiam), Maghradze argues that he is entitled to reopening—regardless of his compliance with statutory and regulatory procedural requirements—because he made out a *prima facie* case for relief under the CAT. *See also Kay v. Ashcroft*, 387 F.3d 664, 672–73 (7th Cir. 2004) ("CAT relief is treated as a separate avenue for relief. An applicant may file a second motion to reopen for CAT relief without showing that the information presented was previously unavailable.") (citing 8 C.F.R. § 208.18(b)(2)). In *Ni*, the petitioner sought review of the BIA's refusal to remand for consideration by the IJ of a CAT claim that petitioner had not raised in his original hearing. We found no abuse of discretion and denied review, explaining that:

> Although petitioner submitted to the BIA several reports about general country conditions and human rights abuses in China, he has neither demonstrated that this information was previously unavailable, *see* 8 C.F.R. 1003.2(c) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered ... was not available and could not have been discovered or presented at the former hearing ...."), nor established a prima facie case for relief under the CAT.

424 F.3d at 175. Maghradze apparently reads *Ni* as setting forth alternative methods of qualifying for remand (or, in this case, reopening), but we do not read the case in that way. Given the regulatory and statutory scheme outlined above, the quoted language is more logically read as noting that the petitioner had not met either of the conjunctive requirements for reopening.

We thus conclude that the BIA's interpretation is clearly permissible. *See INS v. Jong Ha Wang*, 450 U.S. 139, 143, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (" 'If INS discretion is to mean anything, it must be that the INS has some latitude in deciding when to reopen a case. The INS should have the right to be restrictive.' " (quoting *Villena v. INS*, 622 F.2d 1352, 1362 (9th Cir.1980) (*en banc*) (Wallace, J., dissenting))).

\* \* \*

For the reasons stated above, Maghradze's petition for review is hereby denied.

---

**3.** Section 208.16(c) lays out the eligibility criteria for withholding of removal under the CAT.