**Gurmukh SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–6134–ag.

United States Court of Appeals, Second Circuit.

April 12, 2007.

Gurmukh Singh, pro se, Queens Village, New York, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Laura McMullen Ford, Special Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Gurmukh Singh, a citizen of India, seeks review of an October 26, 2005 order of the BIA, affirming the December 13, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, denying his motion to reopen removal proceedings and rescind his *in absentia* order. *In re Gurmukh Singh*, No. A93 063 067 (B.I.A. Oct. 26, 2005) *aff'g* No. A93 063 067 (Immig. Ct. N.Y. City Dec. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). Although a motion to rescind is a type of motion to reopen, it is distinctive in that a "motion to reopen for purposes of rescinding an in absentia [removal] order . . . seeks to restart proceedings as if the previous proceedings never occurred." *Maghradze v. Gonzales*, 462 F.3d 150, 152 n. 1 (2d Cir.2006). Our review of *in absentia* removal orders is limited to three specifically enumerated grounds, one of which includes "reasons for the alien's not attending the proceed-

ing." *See* 8 U.S.C. § 1229a(b)(5)(D). Accordingly, we have jurisdiction over Singh's claim that he is entitled to rescission on the grounds of exceptional circumstances, because it is offered as an explanation for why he was unable to attend his proceedings. *Id.; Alrefae v. Chertoff*, 471 F.3d 353, 357–358 (2d Cir.2006).

We review the denial of a motion to reopen for abuse of discretion, which may be found if the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006) (internal quotation marks omitted). Here, Singh stated only that he was unable to attend his immigration hearing because he suffered from a sudden illness. As the government points out, he neither identified the illness nor submitted any medical records or other corroboration to support his vague claim. Accordingly, the agency did not err in denying his motion to reopen his proceedings and rescind his *in absentia* order. *See Alrefae*, 471 F.3d at 358 (noting that "[t]he BIA's standard for exceptional circumstances appears fairly stringent, both in terms of the required severity of the circumstances and the proof required to establish a claim"); *see also In re B–A–S–*, 22 I. & N. Dec. 57, 58–59 (B.I.A.1998) ("Where an alien argues that his failure to appear resulted from a 'serious illness,' we normally would expect specific, detailed medical evidence to corroborate the alien's claim.")

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

for oral arguments in this case is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).