XIA ZHU CHEN, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 07–0342–ag.

United States Court of Appeals,
Second Circuit.

Sept. 13, 2007.

Lorance Hockert, Hockert & Donnelly LLC, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior Litigation Counsel, Janice K. Redfern, Attorney, Jocelyn F. James, Attorney/Law Clerk, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xia Zhu Chen, a native and citizen of the People's Republic of China, seeks review of a January 17, 2007 order of the BIA affirming the June 8, 2006 decision of Immigration Judge ("IJ") Sandy Hom denying her motion to reopen removal proceedings. *In Re Xia Zhu Chen*, No. A99 661 861 (B.I.A. Jan. 17, 2007), *aff'g* No. A99 661 861 (Immig. Ct. N.Y. City, Jun. 8, 2006).

We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

■ After an *in absentia* order of removal is entered, an alien may move to reopen her case and rescind the order either on the ground that she did not receive notice of the hearing or based on exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i), (ii). Chen does not dispute that she was told the consequences of a failure to inform the immigration court of a change of address, that she failed to do so, or that notice of her hearing was sent to the address listed in her Notice to Appear. Indeed, it is not contested that Chen was personally served the Notice to Appear since her signature and fingerprint appeared on the document. The BIA therefore properly charged her with constructive notice of her hearing. *See Maghradze v. Gonzales*, 462 F.3d 150, 153–54 (2d Cir.2006).

■ Chen's arguments to this Court are without merit. Even if Chen is correct that the IJ erred by referring to the language of the two affidavits she submitted as "verbatim," remand would be futile because Chen has never disputed that she failed to advise the immigration court of her changed address in accordance with 8 U.S.C. § 1229(a)(1)(F)(ii). *See Maghradze*, 462 F.3d at 154. Chen's arguments based on a First Circuit decision are irrelevant because there is controlling authority from this Court.

For the foregoing reasons the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot.