**BAO FANG ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 07–5736–ag.

United States Court of Appeals, Second Circuit.

Sept. 30, 2008.

Robert A. Horne, White Plains, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Leslie McKay, Senior Litigation Counsel; Angela N. Liang, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Bao Fang Zheng, a native and citizen of the People's Republic of China, seeks review of a December 12, 2007 order of the BIA affirming the April 25, 2007 decision of Immigration Judge Gabriel C.

Videla denying her motion to rescind her *in absentia* removal order. *In re Bao Fang Zheng*, No. A 77 308 843 (B.I.A. Dec. 12, 2007), *aff'g* No. A 77 308 843 (Immig. Ct. N.Y. City Apr. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). When the BIA denies a motion to rescind, this Court reviews the BIA's decision for an abuse of discretion. *See Maghradze v. Gonzales*, 462 F.3d 150, 152 (2d Cir.2006). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ The agency did not abuse its discretion in denying Zheng's motion. Zheng was ordered removed in June 2001, but did not file her motion to rescind until April 2007, years beyond the 180–day deadline for motions to rescind based on ineffective assistance of counsel. See 8 C.F.R. § 1003.23(b)(4)(iii)(A).

■ Additionally, as the BIA properly found, even assuming that Zheng received ineffective assistance of counsel, equitable tolling of the filing deadline for motions to rescind was not warranted. The relevant inquiry in evaluating whether equitable tolling premised on ineffective assistance of counsel is warranted is: (1) whether and when the ineffective assistance was, or should have been, discovered by a reason-

able person in the situation, and (2) whether the petitioner demonstrated that she exercised due diligence in the period between discovering the ineffectiveness of her representation and filing the motion to reopen. *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007) (internal quotations omitted). Here, Zheng asserted that on June 13, 2001, the day before her scheduled hearing, her former counsel "fraudulently misrepresented" to her that she had already been ordered removed, and that she would be subject to arrest if she appeared in court the next day. As the Government observes in its brief, Zheng should have discovered counsel's alleged ineffective assistance at that time, where, by her own account, she "tried to question how she could be ordered removed before her hearing date" and was "dismissed" without explanation.

Zheng also admitted that after receiving her removal order in 2001, she attempted to retain new counsel, but was frustrated in her efforts. The agency did not abuse its discretion in refusing to find that Zheng exercised due diligence where she claims that she could not find immigration counsel over a period of six years. *Cf. Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).