**QI JIN CHEN, Xiao Dong Lin, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

Nos. 07–4507–ag (L), 07–4886–ag (Con).

United States Court of Appeals, Second Circuit.

Oct. 10, 2008.

Scott E. Bratton, Cleveland, OH, for Petitioners.

Gregory G. Katsas, Acting Assistant Attorney General, Christopher C. Fuller, Senior Litigation Counsel, Ann Carroll Varnon, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Qi Jin Chen, a native and citizen of the People's Republic of China, seeks review of the September 17, 2007 order of the BIA denying his motion to reopen. *In re Qi Jin Chen,* No. A78 853 760 (B.I.A. Sept. 17, 2007). Petitioner Xiao Dong Lin, Chen's wife, also a native and citizen of China, seeks review of the October 4, 2007 order of the BIA denying her motion to reopen. *In re Xiao Dong Lin,* No. A77 169 322 (B.I.A. Oct. 4, 2007). We assume the parties' familiarity with the

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

underlying facts and procedural history of the cases.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

Before this Court, Chen and Lin argue extensively that they established *prima facie* eligibility for asylum, but devote only two sentences to their argument that they are *prima facie* eligible for withholding of removal. In light of the foregoing, we limit our review to the BIA's denial of the motions to reopen to apply for asylum and consider all other claims for relief abandoned.[2] *See Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (treating claim as abandoned where brief contains only conclusory reference).

## I. CHEN

■ We find no abuse of discretion in the BIA's denial of Chen's motion on the grounds that he had not attached Form I–589 as required by regulation. See 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."). The BIA found Chen's failure to include Form I–589 particularly significant in light of the fact that he had never applied for asylum (before the IJ, he requested only relief under the Convention Against Torture) and his prior claim for relief (which was based on his illegal departure from China) was unrelated to his claim based on China's coercive population control program. While we need rely only on the plain language of 8 C.F.R. § 1003.2(c)(1) to conclude that the BIA's decision does not manifest an abuse of discretion, we note that the Fifth Circuit has reached the same conclusion.[3] *See Waggoner v. Gonzales,* 488 F.3d 632, 638–39 (5th Cir.2007).

## II. LIN

The Supreme Court has identified "at least three independent grounds on which the BIA may deny a motion to reopen": (1) failure to establish a *prima facie* case for the underlying substantive relief sought; (2) failure to introduce material, previously unavailable evidence or, in the case of an initial application for discretionary relief (*e.g.,* asylum), failure to explain why such an application was not filed at

---

**2.** We decline to consider Petitioners' argument that they are eligible to file "successive" asylum applications based on changes in their personal circumstances (citing 8 U.S.C. § 1158(a)(2)(D)) because, even assuming that such an argument is meritorious, the grounds enumerated in the BIA's decisions (discussed *infra*) would be dispositive of any such claims.

**3.** We reject Chen's argument that the BIA abused its discretion by denying his motion for failure to file an asylum application while overlooking a similar failure in his wife's case. Unlike Lin, Chen did not pursue an asylum claim before the agency.

the former hearing; and (3) where the ultimate form of relief sought is discretionary (*e.g.*, asylum) "the BIA may leap ahead, as it were, over the two threshold concerns (*prima facie* case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." *Abudu*, 485 U.S. at 104–05, 108 S.Ct. 904; *see also* 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the party moving has made out a *prima facie* case for relief.").

 Even assuming that Lin had established *prima facie* eligibility for asylum, and had properly supported her motion with material and previously unavailable evidence, the BIA declined to reopen her case as a matter of discretion because she had been found not credible in the context of her original asylum hearing. Lin argues that the BIA's decision was an abuse of discretion, relying on *Jian Lian Guo v. Ashcroft*, 386 F.3d 556 (3d Cir.2004). The case is not analogous. In *Jian Lian Guo*, "the basis for the IJ's credibility assessment was utterly unrelated to [the petitioner's] later claim." *Id.* at 562. By contrast, the adverse credibility determination in Lin's case is directly related to her renewed asylum claim. Lin presents no authority precluding the BIA from viewing a prior adverse credibility determination as a negative factor in such circumstances. Therefore, we find no basis to conclude that the BIA abused its discretion in denying Lin's motion.[4]

4. In *Paul v. Gonzales*, 444 F.3d 148 (2d Cir. 2006), we held that "an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible.*" *Id.* at 154. However, in that case, the BIA denied a motion to reopen after

## III. CONCLUSION

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

concluding that the petitioner failed to provide material and previously unavailable evidence (*i.e.*, the second *Abudu* ground). *See id.* at 152. Here, by contrast, the BIA denied Lin's motion because she did not warrant a favorable exercise of discretion (*i.e.*, the third *Abudu* ground). Therefore, *Paul* is not dispositive.