**Golam Rabbee CHOWDHURY, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,[1] Respondent.**

**No. 07–4616–ag.**

United States Court of Appeals, Second Circuit.

June 19, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as the respondent in this case.

---

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Joseph A. O'Connell, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present: Hon. ROGER J. MINER, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Golam Rabbee Chowdhury, a native and citizen of Bangladesh, seeks review of the September 24, 2007 order of the BIA denying his motion to reopen. *In re Golam Rabbee Chowdhury*, No. A70 529 229 (B.I.A. Sept. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the BIA has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu*, 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

It is undisputed that Chowdhury's May 2007 motion to reopen was the third such motion he filed with the agency. Moreover, the instant motion was filed over two years after the previous BIA decision, the March 2005 decision denying his second motion to reopen, and nearly nine years after he withdrew his original asylum application and accepted voluntary departure in July 1998. Therefore, the BIA properly observed that Chowdhury's motion was barred by the time and numerical restrictions applied to motions to reopen, unless he established that he was newly eligible for asylum based on changed circumstances arising in Bangladesh. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

We find that the BIA did not abuse its discretion in concluding that the evidence Chowdhury submitted did not establish that he might face harm in Bangladesh based on his relationship to his brother Riad. *See Kaur*, 413 F.3d at 233–34. Even assuming the truth of the allegations contained in the evidence he submitted, there was no error in the BIA's conclusion that the fact that his brother Neaz was harmed did not establish that Chowdhury was *pri-*

*ma facie* eligible for asylum, particularly when he had not been to Bangladesh for over sixteen years.[2] *Cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (noting in the context of the BIA's denial of asylum on the merits, that "Huang's testimony that his sister-in-law had been forcibly sterilized ... would not be probative [as to his own fear of sterilization] even if believed because [he] omitted any evidence that might bear on whether [he] might be in similar circumstances"); *see also Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir.2005) (noting that the experiences of *similarly situated* family and friends are relevant to whether an applicant's fear is well-founded). Moreover, this finding demonstrates that, contrary to Chowdhury's assertion, the BIA did not mischaracterize his fear of return as a fear of general violence in Bangladesh, but evaluated his claim that he would be singled out for persecution. While it is possible that a reasonable adjudicator could have reached a different conclusion as to Chowdhury's *prima facie* eligibility for asylum, it does not follow that the BIA therefore abused its discretion in denying his motion to reopen. *See Kaur*, 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED.

---

**2.** While the BIA did not explicitly use the term *"prima facie,"* we find no merit in Chowdhury's argument that the BIA employed an improper standard.

