09-2245-ag
Lin v. BCIS

BIA
Gordon-Uruakpa, IJ
A070 163 444

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of July, two thousand ten.

PRESENT:
       RALPH K. WINTER,
       JOSÉ A. CABRANES,
       REENA RAGGI,
            *Circuit Judges*.

_____

PENGFEI LIN,
       *Petitioner*,

       v.                                    09-2245-ag
                                             NAC
BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
       *Respondent*.

_____

FOR PETITIONER:      John Chang, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Ernesto H. Molina, Jr.,
                     Assistant Director; D. Nicholas
                     Harling, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Pengfei Lin, a native and citizen of the People's Republic of China, seeks review of a May 21, 2009, order of the BIA, reversing the October 9, 2007, decision of Immigration Judge ("IJ") Vivienne Gordon-Uruakpa, granting his application for asylum and withholding of removal. *In re Pengfei Lin*, No. A070 163 444 (B.I.A. May 21, 2009), *rev'g* No. A070 163 444 (Immig. Ct. N.Y. City Oct. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the BIA's decision alone. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

Preliminarily, we reject Lin's challenge to the BIA's conclusion that his case was governed by the REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 231 (2005), which governs applications for asylum and withholding of removal filed after May 11, 2005, *see Matter of S-B-*, 24 I. & N. Dec. 42, 45 (BIA 2006). Although Lin sent an asylum application to the former INS in 1993, after he was ordered deported, that application was rejected as improperly filed.

2

In August 2005, Lin filed a motion to reopen with a new asylum application, making an entirely different claim. Reviewing the BIA's interpretation of the statute for reasonableness, *see Maghradze v. Gonzales*, 462 F.3d 150, 152 (2d Cir. 2006); *Kuhali v. Reno*, 266 F.3d 93, 102 (2d Cir. 2001), we affirm the agency's conclusion that because Lin's 1993 application was never properly filed, August 2005 is the relevant filing date, and the REAL ID Act applies.

We further conclude that substantial evidence supports the BIA's determination that Lin failed to demonstrate a well-founded fear of persecution, *i.e.*, "a subjective fear that is objectively reasonable," *Shi Jie Ge v. Holder*, 588 F.3d 90, 94 (2d Cir. 2009) (internal quotation marks omitted), on account of his having fathered two children, *see Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that an applicant's well-founded fear claim was "speculative at best" when he failed to present "solid support" that he would be persecuted for violating family planning policy upon his return to China); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 161-62 (2d Cir. 2008) (finding that substantial evidence supported the BIA's determination that petitioner failed to demonstrate a reasonable possibility that he would face forced

sterilization in China based on fathering two children).

In support of his application, Lin submitted voluminous background material, including the 2007 Department of State Country Report and the Aird affidavit. The BIA did not err by summarily considering this evidence. *See Jian Hui Shao,* 546 F.3d at 169; *see also Wei Guang Wang v. Mukasey*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Although Lin also submitted an unauthenticated photocopy of a certificate purportedly issued by his local village committee, the BIA did not err in finding that this document did not permit Lin to carry his burden of proof because, while the certificate referenced a mandatory sterilization requirement, it did not "detail what would occur if [Lin] refused" to comply or state that "other persecutory measures would be inflicted upon him." *See Jian Hui Shao*, 546 F.3d at 172. We reach the same conclusion regarding a letter from Lin's sister alleging that she was forcibly sterilized, because Lin's sister's children were

4

"born in China and the letter fail[ed] to explain the factual circumstances of her sterilization such as the gender of her children, whether either birth was permitted, and if the children were registered." *See id.* at 160-61.

Therefore, the agency properly denied Lin's application for asylum. *See* 8 U.S.C. § 1101(a)(42). Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal where the claim rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5