10-2567-ag
Phagoo v. Holder

BIA
Hom, IJ
A073 564 910

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of August, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges.*[1]

_____

KIRTIMATI PHAGOO,
> *Petitioner,*

v.                                              10-2567-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Judy Resnick, Law Office of Judy
                         Resnick, Far Rockaway, N.Y.

---

[1] The Honorable Roger J. Miner, who had originally been assigned to this panel, died on February 18, 2012. The Honorable Jon O. Newman has substituted for him on the panel.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Greg D. Mack, Senior
                         Litigation Counsel; Richard
                         Zanfardino, Trial Attorney, Office
                         of Immigration Litigation; Civil
                         Division, U.S. Department of
                         Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Kirtimati Phagoo, a native and citizen of Guyana, seeks review of a June 21, 2010, order of the BIA affirming the April 2, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied Phagoo's motion to rescind an *in absentia* deportation order and to re-open her proceedings. *In re Phagoo,* No. A073 564 910 (B.I.A. June 21, 2010), *aff'g* No. A73-564-910 (Immig. Ct. N.Y.C. Apr. 2, 2010). We assume the parties' familiarity with the underlying facts of this case and the arguments raised on appeal.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). "[W]e . . . construe [Phagoo's] motion to rescind the *in absentia* removal order and to reopen proceedings on the basis of new

2

evidence as comprising two distinct motions, which we review under different substantive standards." *Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006). "When the BIA has applied the correct law, we review the decision to deny a motion to reopen or a motion to rescind for abuse of discretion." *Maghradze v. Gonzales*, 462 F.3d 150, 152 (2d Cir. 2006).

In denying Phagoo's motion to rescind her *in absentia* deportation order, the IJ did not err in concluding that Phagoo failed to demonstrate that she did not receive proper notice of her deportation proceedings. Even though Phagoo claimed in her affidavit that she never received notice of the proceedings, postal receipts suggested otherwise. *Cf. Lopes v. Gonzalez*, 468 F.3d 81, 85 (2d Cir. 2006) (per curiam).

Moreover, the IJ did not improperly conclude that Phagoo failed to demonstrate "changed country conditions" in Guyana that would have permitted her to file a motion to reopen that would have otherwise been untimely. 8 U.S.C. § 1229a(c)(7)(C)(ii).

3

Accordingly, the petition for review is DENIED and Phagoo's motion for a stay is DISMISSED as moot.  In addition, Phagoo's request for oral argument in this case is denied.  *See* Fed. R. App. P. 34(a)(2).


                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk

4