Socop-Castillo v. Barr

BIA
Verrillo, IJ
A073 641 589

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand nineteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

EDGAR D. SOCOP-CASTILLO,
> *Petitioner,*

v.                                          12-3138
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Glenn L. Formica, Formica
                       Williams, P.C., New Haven, CT.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                       Attorney General; M. Jocelyn Lopez
                       Wright, Senior Litigation Counsel;
                       Christopher Buchanan, Trial
                       Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Edgar D. Socop-Castillo, a native and citizen of Guatemala, seeks review of an August 3, 2012, decision of the BIA (1) affirming a May 7, 2012, decision of an Immigration Judge ("IJ") denying Socop-Castillo's motion to rescind his deportation order entered in absentia and reopen his removal proceedings, and (2) denying his motion to remand. *In re Edgar D. Socop-Castillo*, No. A073 641 589 (B.I.A. Aug. 3, 2012), *aff'g* No. A073 641 589 (Immig. Ct. Hartford May 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Motions to reopen deportation proceedings in which an alien has been ordered deported in absentia are governed by different rules depending on whether the movant

2

seeks to rescind the in absentia deportation order or to present new evidence of eligibility for relief.  *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353-55 (BIA 1998).  Accordingly, when, as here, an alien seeks both rescission of an in absentia deportation order, as well as reopening of deportation proceedings based on new evidence, the motion is treated as comprising distinct motions to rescind and to reopen.  *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006).  We review the denial of motions to rescind, reopen, and remand for abuse of discretion.  *See Maghradze, 462 F.3d at 152; Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005).  We find no abuse of discretion in the agency's decisions.

"An order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed . . . [w]ithin 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of

3

the alien . . . or . . . [a]t any time if the alien demonstrates that he or she did not receive notice." 8 C.F.R. § 1003.23(b)(4)(iii)(A). At the time of Socop-Castillo's deportation proceedings, "[p]roper notice . . . include[d] 'written notice . . . given in person to the alien (or, if personal service is not practicable, written notice . . . given by certified mail to the alien or to the alien's counsel of record, if any).' [8 U.S.C.] § 1252b(a)(2)(A) (repealed, effective 1997)." *Song Jin Wu*, 436 F.3d at 162. Proper service on the attorney of record creates a presumption of proper notice on the noncitizen. *See id.*

The record establishes that the immigration court properly served notice of Socop-Castillo's October 1995 hearings on his counsel of record. Socop-Castillo does not dispute that fact. Accordingly, he is presumed to have received proper notice. *See* 8 U.S.C. § 1252b(a)(2)(A) (1994); *see also Song Jin Wu*, 436 F.3d at 162.

Socop-Castillo asserts a due process violation, arguing that he cannot mount a proper defense against the presumption of proper notice because the record does not contain transcripts of the hearings he missed. "To establish a

4

violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). The immigration court and BIA make recordings of hearings available for review with prior arrangement. Immigration Court Practice Manual ("Court Manual") §§ 4.10(a), 5.6; Board of Immigration Appeals Practice Manual ("BIA Manual") § 5.5. A hearing is automatically transcribed only if an IJ's decision is appealed to the BIA. *Id.* § 4.10(b). "If a party feels that a transcript is necessary, the party should file a motion articulating why a transcript is necessary." BIA Manual § 5.5. Given that the agency's regulations permitted Socop-Castillo to either listen to the hearings in question or move to have the hearings transcribed and given that he does not assert that he or his counsel tried to do either, Socop-Castillo has failed to demonstrate that he was deprived a full and fair opportunity to present his claim. *See Burger*, 498 F.3d at 134.

Since Socop-Castillo received notice, he was required to file his motion to rescind within 180 days of his in absentia deportation order and show that his failure to appear resulted from exceptional circumstances. *See Song Jin Wu*, 436 F.3d at 162. Socop-Castillo filed his motion to rescind more than sixteen years after he was ordered deported in absentia. Accordingly, as the BIA found, the motion was time barred regardless of any exceptional circumstances. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A); *see also Song Jin Wu*, 436 F.3d at 162.

Socop-Castillo abandons any challenge to the agency's dispositive determination that his motion to reopen to apply for relief from deportation under the Nicaraguan and Central American Relief Act ("NACARA") was untimely and thus we do not consider it. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). To the extent that Socop-Castillo argues that the deadline was equitably tolled, we find no error in the BIA's conclusion that he failed to act diligently to pursue the application, given the nearly 13-year delay between the 1998 deadline and his motion. And we find no error in the BIA's denial of Socop-Castillo's

6

motion to remand because his written statement was previously available.  *See* 8 C.F.R. § 1003.2(c)(1); *Li Yong Cao*, 421 F.3d at 156 (providing that a movant seeking remand for consideration of new evidence must "present material, previously unavailable evidence.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court