Alvarez Polanco v. Barr

BIA
Ruehle, IJ
A074 728 635

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty.

PRESENT:
>           ROSEMARY S. POOLER,
>           ROBERT D. SACK,
>           MICHAEL H. PARK,
>                   *Circuit Judges.*

_____

OLGA MARINA ALVAREZ POLANCO,
>           *Petitioner,*

>   v.                                                18-2789
>                                                     NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          Yaniv Lavy, New York, NY

                         Rakhvir Dhanoa, New York, NY.
                         (*on the Brief*)

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General (Anthony P.
                         Nicastro, Assistant Director;

Sheri R. Glaser, Trial Attorney, Office of Immigration Litigation, *on the brief*) *for* William P. Barr, United States Attorney General, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Olga Marina Alvarez Polanco, a native and citizen of Guatemala, seeks review of a September 4, 2018, decision of the BIA affirming the March 15, 2018, decision of an Immigration Judge ("IJ") denying her motion to rescind her removal order and reopen her removal proceedings. *In re Olga Marina Alvarez Polanco,* No. A074 728 635 (B.I.A. Sept. 4, 2018), *aff'g* No. A074 728 635 (Immig. Ct. Buffalo Mar. 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). When, as here, an alien seeks both rescission of an in absentia removal order and reopening of removal proceedings

2

to apply for relief from removal, we treat the request as "comprising distinct motions to rescind and to reopen." *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006). When the BIA has applied the correct law, we review the denial of a motion to rescind an in absentia removal order under the same abuse of discretion standard applicable to motions to reopen. *See Maghradze*, 462 F.3d at 152.

Motion to Rescind

The agency did not abuse its discretion in denying Alvarez Polanco's motion to rescind. An order of removal entered in absentia may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice . . . and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii).

Alvarez Polanco received notice of her February 2000 hearing in September 1999 when she was personally served with and signed a notice to appear, which placed her in removal proceedings, informed her of her hearing date, time, and location, and informed her that she could be ordered removed

3

in absentia if she failed to appear. *See* 8 U.S.C. § 1229(a)(1) (listing requirements for notices to appear). This Circuit has rejected Alvarez Polanco's argument that a notice to appear must be provided in a noncitizen's native language. *See Lopes v. Gonzales*, 468 F.3d 81, 84–85 (2d Cir. 2006). Alvarez Polanco failed to exhaust her contention that rescission was required under *Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018), and *Orantes-Hernandez v. Gonzales*, 504 F. Supp. 2d 825 (C.D. Cal. 2007) by failing to raise the issue before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–23 (2d Cir. 2007) (discussing statutory and judicial exhaustion). Even if she had raised the issue before the BIA, those cases are inapplicable because they do not address the issue of proper service of a notice to appear for purposes of a motion to rescind an in absentia removal order.

Accordingly, because Alvarez Polanco was personally served with a notice to appear providing her notice of her hearing and informing of the consequences of failing to appear, the agency did not abuse its discretion in denying her motion to rescind her in absentia removal order. *See*

4

8 U.S.C. §§ 1229(a)(1), 1229a(b)(5)(C)(ii); *see also Lopes*, 468 F.3d at 84–85.

Motion to Reopen

The agency also did not abuse its discretion in denying Alvarez Polanco's motion to reopen. It is undisputed that her 2018 motion to reopen was untimely because it was filed 18 years after she was ordered removed in 2000, and she failed to assert that any changed country conditions evidence was material. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii) (providing 90-day deadline for filing motion to reopen and changed country conditions exception for asylum applicants); *see also* 8 C.F.R. § 1003.23(b)(1), (4). The BIA also did not err in declining to consider Alvarez Polanco's evidence submitted for the first time on appeal, or in refusing to remand because that evidence was previously available. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *see also Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (providing that failure to proffer material and previously unavailable evidence is a permissible ground for the BIA to decline to remand).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court