**XU ZHENG SHI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–2443–ag.

United States Court of Appeals, Second Circuit.

Feb. 23, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Brendan P. Hogan, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Xu Zheng Shi, a native and citizen of the People's Republic of China, seeks review of the April 27, 2005 order of the BIA affirming the August 23, 2004 decision of Immigration Judge ("IJ") William F. Jankun denying his motion to reopen. *In re Xu Zheng Shi,* No. A70 701 040 (B.I.A. Apr. 27, 2005), *aff'g* No. A70 701 040 (Immig. Ct. N.Y. City Aug. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.[1]

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). Motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

The agency may properly deny a motion to reopen, regardless of an applicant's *pri-*

---

1. We note that we have ordered that Shi's case be heard in tandem with that of his wife, Aiwen Chen. *See Aiwen Chen v. Mukasey,* 307 Fed.Appx. 565 (2d Cir.2009)

*ma facie* eligibility for relief, as a matter of discretion. *See Abudu,* 485 U.S. at 105, 108 S.Ct. 904; *see also* 8 C.F.R. § 1003.2(a). Here, the IJ denied Shi's July 2004 motion to reopen as a matter of discretion because he "failed to explain why he failed to comply with his promise ... to voluntarily depart the United States by March 6, 1999 [which was] before his marriage or the conception of his children." The BIA agreed with the IJ that Shi's "failure to depart after he was granted the privilege of voluntary departure indicates that he does not merit relief in the exercise of discretion." Because Shi's brief to this Court fails to raise any argument that the agency improperly denied his motion as a matter of discretion, any such argument has been waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). Shi's waiver of this dispositive finding is fatal to his petition for review.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** Because Shi waived any challenge to the discretionary denial of his motion to reopen, we need not determine whether we would have jurisdiction to review such an argument had it been properly before us. *See Singh v. Gonzales,* 468 F.3d 135, 140 n. 4 (2d Cir. 2006).