09-2489-ag
Zhou v. Holder

BIA
A098 997 640

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of January, two thousand ten.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

MING HUI ZHOU,
> *Petitioner*,

v.                                            09-2489-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:           Nathan Weill, New York, New York.

FOR RESPONDENT:           Tony West, Assistant Attorney
                          General; Terri J. Scadron, Assistant
                          Director; Kristina R. Sracic, Trial
                          Attorney, Office of Immigration
                          Litigation, United States Department
                          of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ming Hui Zhou, a native and citizen of the People's Republic of China, seeks review of the May 29, 2009 order of the BIA denying his motion to reopen. *In re Ming Hui Zhou*, No. A098 997 640 (B.I.A. May 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006), mindful of the Supreme Court's admonition that motions to reopen are "disfavored," *see Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006). Here, the BIA did not abuse its discretion in denying Zhou's motion to reopen based on his failure to establish his *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

Although Zhou argues that the BIA erred in failing to consider whether the article he submitted established his

2

*prima facie* eligibility for relief based on the theory of imputed political opinion, it is not apparent how the article indicates that the government imputed any particular political opinion to him or other protesters. Moreover, as the BIA found, the article concerned events in a province other than Zhou's own, making it of little probative value. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.").

The BIA also did not abuse its discretion in declining to consider the statement of Zhou's friend because that statement was not previously unavailable. *See id.* Indeed, the statement describes events that occurred prior to Zhou's hearing, including some events at which Zhou was allegedly present.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

3

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk