10-4274-ag
Gao v. Holder

BIA
A094 824 879

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges*.

_____

HUIQUAN GAO
*Petitioner*,

v.                                              10-4274-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair T. O'Connor,
                       Assistant Director; Joseph D. Hardy,
                       Jr., Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Huiquan Gao, a native and citizen of the People's Republic of China, seeks review of a September 27, 2010, order of the BIA denying his motion to reopen. *In re Huiquan Gao*, No. A094 824 879 (B.I.A. Sept. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), mindful of the Supreme Court's admonition that motions to reopen are "disfavored," *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006). Here, the BIA did not abuse its discretion in denying Gao's motion to reopen based on his failure to establish his *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

In order to establish *prima facie* eligibility for relief, an alien must show "a realistic chance that he will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005)(internal quotation marks omitted). In order to establish eligibility for asylum based on future persecution, an applicant must show "that he

2

subjectively fears persecution and . . . that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The BIA reasonably denied Gao's motion to reopen based on the absence of evidence that anyone in China is aware of his reported recent actions, or that anyone there has the interest, means and ability to harm him as a result. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

The BIA reasonably found that the documents Gao submitted in conjunction with his motion to reopen, including evidence of his membership in the River of Life Christian Church, various country conditions reports regarding the persecution of Christians in China, and two

3

affidavits whose authors claimed to have been penalized for their participation in an unidentified house church in China, either did not constitute previously unavailable evidence, or failed to demonstrate that the Chinese government is aware of his activities as a Christian or that it would likely become aware of such activities. Moreover, the country conditions evidence indicated that the Chinese government often allowed underground churches to meet. Accordingly, the Board did not abuse its discretion in denying Gao's motion. *See Abudu*, 485 U.S. 104-05.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
