Martines-Castaneda v. Lynch

BIA
A200 026 168

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

JOSE MISAEL MARTINES-CASTANEDA,
AKA JOSE MARTINES-CASTANEDA, AKA
JOSE MISAEL MARTINEZ-CASTANEDA,
> *Petitioner,*

> v.                                                    15-1904
>                                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         JM Mariotti, Manuel D. Gomez &
                        Associates P.C., New York, New York.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Holly M.
                        Smith, Senior Litigation Counsel;
                        Maarja T. Luhtaru, Trial Attorney,
                        Office of Immigration Litigation,

United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Misael Martines-Castaneda, a native and citizen of El Salvador, seeks review of a May 14, 2015 decision of the BIA denying his motion to reopen proceedings and denying his motion to rescind his *in absentia* removal order. *In re Jose Misael Martines-Castaneda,* No. A200 026 168 (B.I.A. May 14, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the BIA's denial of a motion to reopen for abuse of discretion." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered in the proceeding that the alien seeks to reopen. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Martines-Castaneda's March 2015 motion to reopen was untimely and number barred because the final administrative order of

2

removal was issued in 2005, and the March 2015 motion was his second motion. The time and number limitations do not apply, however, if the motion to reopen is filed in order to apply for asylum or withholding of removal and "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). In reviewing whether the movant has demonstrated such a change in country conditions, the BIA compares the country conditions at the time of the original hearing with those at the time of the motion to reopen. *See Matter of S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007). We review the BIA's country conditions findings for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Contrary to the Government's position, we conclude that Martines-Castaneda's brief on appeal has sufficiently challenged the BIA's denial of reopening. However, we find no abuse of discretion in the BIA's denial of the motion.[1]

---

[1] The BIA also construed Martines-Castaneda's motion to reopen as a motion to rescind the September 23, 2005 *in absentia* removal order entered against him. The

The agency properly concluded that Martines-Castaneda was not entitled to reopening on the basis of incidents that occurred prior to his 2005 removal proceedings, notably an attack on Martines-Castaneda by MS-13 gang members and the murder of his brother by that gang's members. *See* 8 C.F.R. § 1003.2(c)(1) (requiring new, previously unavailable evidence for reopening). Martines-Castaneda's argument that the BIA should have granted reopening based on the birth of his U.S. citizen child is meritless: a change in personal circumstances does not excuse a late motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-274 (2d Cir. 2006).

Otherwise, substantial evidence supports the BIA's determination that Martines-Castaneda failed to show that changed conditions in El Salvador were material to his claims for asylum or withholding of removal. 8 U.S.C. § 1229a(c)(7)(C)(ii); *Jian Hui Shao*, 546 F.3d at 169. For example, Martines-Castaneda stated in an affidavit that gangs in El Salvador killed one of his cousins in 2013 and kidnapped

BIA denied the motion to rescind the *in absentia* removal order, and we review this denial for abuse of discretion. *Maghradze v. Gonzales*, 462 F.3d 150, 152 (2d Cir. 2006). Like Martines-Castaneda's motion to reopen, his motion for rescission of his *in absentia* removal order is time and number-barred. See 8 C.F.R. § 1003.23(b)(4)(ii). Moreover, the BIA did not abuse its discretion in determining that Martines-Castenada had not demonstrated that the failure to appear at the removal proceeding was a consequence of "exceptional circumstances." *Id.*

4

another in 2014. However, the BIA did not abuse its discretion in finding that Martines-Castaneda had not provided sufficient evidence about the context of these events to show changed country conditions material to his claims. Further, although Martines-Castaneda submitted evidence showing a 57% increase in homicide in El Salvador in 2014 as a result of the collapse of a truce between warring gangs, the BIA did not abuse its discretion in finding that evidence of this kind was inadequately related to Martines-Castaneda's own asylum and withholding claims. Moreover, an alien may not predicate an asylum claim on "general crime conditions"; instead, he must show that those conditions implicate some protected ground. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999). Accordingly, the BIA did not abuse its discretion in denying reopening.

We have considered Linares-Urrutia's remaining arguments and found them without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5