Juarez-Gonzalez v. Sessions

BIA
Montante, IJ
A206 439 148

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand eighteen.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> DENNY CHIN,
> > *Circuit Judges.*

_____

MARIA DEL CARMEN JUAREZ-
GONZALEZ, AKA CARMEN JUAREZ,
> *Petitioner,*

> v.                                          17-567
>                                             NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Jose Perez, Syracuse, NY.

FOR RESPONDENT:             Chad A. Readler, Acting Assistant
                            Attorney General; Douglas E.
                            Ginsburg, Assistant Director; John
                            M. McAdams, Jr., Attorney, Office
                            of Immigration Litigation, United
                            States Department of Justice,
                            Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Del Carmen Juarez-Gonzalez, a native and citizen of Guatemala, seeks review of a January 31, 2017, decision of the BIA affirming a June 21, 2016, decision of an Immigration Judge ("IJ") denying Juarez-Gonzalez's motion to rescind her removal order entered in absentia and reopen removal proceedings. *In re Maria Del Carmen Juarez-Gonzalez*, No. A206 439 148 (B.I.A. Jan. 31, 2017), *aff'g* No. A206 439 148 (Immig. Ct. Buffalo June 21, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). When, as here, an alien seeks both rescission of an in absentia removal order and reopening of removal proceedings to apply for relief from removal, we treat the request as "comprising distinct motions to rescind and to reopen." *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006). We review the denial of a motion to rescind an in absentia removal order under the

2

same abuse of discretion standard applicable to motions to reopen. *See Maghradze*, 462 F.3d at 152.

Motion to Rescind

The agency did not abuse its discretion in denying Juarez-Gonzalez's motion to rescind. An in absentia order of removal "may be rescinded . . . upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice . . . and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii). For aliens, like Juarez-Gonzalez, whose Notice to Appear warned of the obligation to inform the immigration court of any change in address and of the consequences of failing to do so, the hearing notice requirement is "constructively satisfied if notice is properly provided and the alien changes address without informing the [agency]." *Maghradze*, 462 F.3d at 154. Accordingly, the agency did not err in concluding that Juarez-Gonzalez received notice: her Notice to Appear informed her of her obligation to change her address with the agency; her attorney received notice of her hearing; and that attorney informed the IJ that Juarez-Gonzalez knew of the hearing. *See* 8 U.S.C. § 1229(a)(2)(A) (providing that "a written notice shall be given in person to the alien (or, if personal service is

3

not practicable, through service by mail to the alien or to the alien's counsel of record, if any"), (B) ("In the case of an alien not in detention, a written notice shall not be required . . . if the alien has failed to provide the address required . . . ."); *see also Maghradze*, 462 F.3d at 154.  Juarez-Gonzalez did not demonstrate that she did not receive notice or that her "failure to appear was through no fault of" her own, and the agency did not abuse its discretion in denying her motion to rescind.  8 U.S.C. § 1229a(b)(5)(C)(ii); *see also Maghradze*, 462 F.3d at 154.

Motion to Reopen

The agency did not abuse its discretion in denying Juarez-Gonzalez's motion to reopen.  It is undisputed that her January 2016 motion to reopen was untimely because it was filed more than 90 days after she was ordered removed in July 2015, and she failed to assert any basis for excusing the time limitation.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.23(b)(1), (4). There is no merit to Juarez-Gonzalez's argument that the agency violated due process by preventing her from applying for asylum because she was provided a hearing in removal proceedings but failed to appear, and she did not advance any argument regarding her eligibility for asylum or submit any evidence of her prima facie eligibility for relief.

4

*See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." (internal quotation marks omitted)). We lack jurisdiction to review the agency's decision insofar as it declined to reopen proceedings sua sponte. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Juarez-Gonzalez's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk