Olivia Renderos v. Garland

BIA
Vomacka, IJ
A206 249 706

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of December, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

LEANA PATRICIA OLIVIA RENDEROS,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

20-690
NAC

FOR PETITIONER:  Leana Patricia Olivia Renderos, pro se, Hastings, NE.

FOR RESPONDENT:  Ethan P. Davis, Acting Assistant Attorney General; Jessica A.

Dawgert, Senior Litigation Counsel; Lori B. Warlick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Leana Patricia Olivia Renderos, a native and citizen of Honduras, seeks review of a January 23, 2020 decision of the BIA affirming a decision of an Immigration Judge ("IJ"), which denied Olivia Renderos's motion to rescind her *in absentia* order of removal. *In re Leana Patricia Olivia Renderos*, No. A206 249 706 (B.I.A. Jan. 23, 2020), *aff'g* No. A206 249 706 (Immig. Ct. N.Y. City Apr. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to rescind an *in absentia* removal order for abuse of discretion. *See*

2

*Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

The agency did not abuse its discretion in denying Olivia Renderos's motion to rescind. An *in absentia* removal order "may be rescinded only . . . (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the [movant] demonstrates that the failure to appear was because of exceptional circumstances," or "(ii) upon a motion to reopen filed at any time if the [movant] demonstrates that [she] did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii); *see Alrefae*, 471 F.3d at 358.

The agency did not abuse its discretion in finding that Olivia Renderos constructively received notice of her 2014 hearing because a hearing notice was sent to her address of record, and she failed to provide a correct new address to the immigration court or any other immigration authority. *See Maghradze v. Gonzales*, 462 F.3d 150, 153 (2d Cir. 2006) ("[A]liens who fail to provide a written update of a change of address are deemed to have constructively received notice provided in accordance with the requirements of 8 U.S.C. § 1229(a)."). Because Olivia Renderos constructively

received notice of her 2014 hearing, her motion to rescind was subject to the 180-day time limit. *See* 8 U.S.C. § 1229a(b)(5)(C); *Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir. 2006).

Olivia Renderos's March 2018 motion to rescind was untimely because the IJ issued the *in absentia* removal order more than 3 years earlier, in June 2014. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). She argues, however, that the 180-day filing period should have been equitably tolled. We disagree.

"Equitable tolling requires a party to pass with reasonable diligence though the period it seeks to have tolled." *Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (internal quotation marks and brackets omitted). The agency reasonably found that Olivia Renderos failed to establish due diligence between June 2014 when she was ordered removed *in absentia* and March 2018 when she filed her motion to rescind that order. Aside from consulting unnamed attorneys in 2014 and 2015, Olivia Renderos did not allege that she took any immediate action to pursue rescission but instead waited until November 2017 to hire counsel to file

4

her motion to rescind. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (placing burden on petitioner to prove diligence and citing several cases in which this Court has held that "a petitioner who waits two years or longer to take steps to reopen . . . has failed to demonstrate due diligence"). Accordingly, Renderos's untimely filing was not excused, and we need not reach the agency's alternative determination that she failed to establish exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5